**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN SHICOBRA YOUNG, a/k/a J. Shicobra Young,

                              Plaintiff,

    v.

JOHN DOE, et al.,

                              Defendants.

9:16-CV-0660
(FJS/CFH)

---

APPEARANCES:

JOHN SHICOBRA YOUNG,
a/k/a J. Shicobra Young
86-A-2673
Plaintiff pro se
Eastern New York Correctional Facility
Box 338
Napanoch, New York 12458

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## DECISION AND ORDER

Presently before the Court is a consolidated civil rights action commenced by pro se plaintiff John Shicobra Young pursuant to 42 U.S.C. § 1983.[1]

By way of background, plaintiff commenced three civil rights actions by filing complaints in the United States District Court for the Southern District of New York ("Southern District"). See Young v. Doe, No. 1:16-CV-0965 (filed S.D.N.Y. Feb. 8, 2016) ("Young v. Doe"); Young v. Sgt. Andrus, No. 1:16-CV-1554 (filed S.D.N.Y. Feb. 29, 2016) ("Young v. Sgt. Andrus"); and Young v. Andrus, No. 1:16-CV-3482 (filed S.D.N.Y. May 10,

---

[1] Plaintiff has one other action pending in this District. Young v. Russo, No. 9:16-CV-0612 (FJS/CFH).

2016) ("Young v. Andrus").  Plaintiff did not pay the filing fee for these actions but filed an application to proceed in forma pauperis ("IFP Application") in each.  See Young v. Doe, Dkt. No. 1; Young v. Sgt. Andrus, Dkt. No. 1; and Young v. Andrus, Dkt. No. 1.  After reviewing the complaints, Southern District Chief Judge Loretta A. Preska concluded that venue was not proper in the Southern District because plaintiff alleged in all three actions that defendants violated his rights at Wende Correctional Facility ("Wende C.F.'"') in 2005 and two of the three actions also alleged due process violations related to disciplinary hearings at Eastern New York Correctional Facility ("Eastern C.F.") in 2015.  See Young v. Doe, Dkt. No. 4; Young v. Sgt. Andrus, Dkt. No. 4; and Young v. Andrus, Dkt. No. 4.  Because all three actions involved wrongdoing which occurred at Wende C.F., which is located in Erie County within the Western District of New York ("Western District"), Chief Judge Preska transferred all three actions to the Western District.  Id.; see also 28 U.S.C. § 112(d).

Upon transfer to the Western District, Young v. Doe was assigned civil case number 6:16-CV-6099 ("Young I"); Young v. Sgt. Andrus was assigned civil case number 6:16-CV-6243 ("Young II"); and Young v. Andrus was assigned civil case number 6:16-CV-6347 ("Young III").  Upon review of the complaints in Young I, Young II, and Young III, Western District Judge David G. Larimer granted plaintiff in forma pauperis status and liberally construed the complaints as follows:

> Plaintiff has named no defendants in the caption of his first complaint [Young I at Dkt. No. 2] (WDNY16-CV-6099L), but describes the defendants in the defendant section as Andrus Sgt. and Adam Sgt. of Wende Correctional Facility and Menard P.T. Sgt. and Polizzi CHO of Eastern Correctional Facility. He makes allegations regarding events in 2005 and 2004 at Wende Correctional Facility in the form allegation sections of the complaint and then adds additional pages to make allegations as to his claim of denial of due process during a disciplinary hearing in December of 2015 while he was at Eastern Correctional

2

> Facility. In his second complaint [Young II at Dkt. No. 2] (WDNY16-CV-6243L), plaintiff names only Sergeant Andrus and Twelve Corrections Officers, but again makes allegations in the form complaint related to the 2005 Wende events and again adds additional pages to allege the denial of due process at the December 2015 Eastern Correctional Facility disciplinary hearing or hearings for which he was sentences to 120 and 90 days in segregated housing. In the third complaint [Young III at Dkt. No. 2] (WDNY16-CV-6347L), plaintiff again names only Andrus Sgt. and Twelve Corrections Officers, but alleges no facts regarding that or any other claim.

See Dkt. No. 10 (the "Western District Order") at 2-3. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Judge Larimer ordered that "plaintiff's three actions shall be consolidated into a single action under the case number 16-CV-6099L ["Young I"], and the complaint in case number 16-CV-6243L ["Young II"] and 16- CV-6347L ["Young III"] shall be deemed [ ] Supplemental Complaint[s] in 16-CV-6099L ["Young I"]." Western District Order at 3.[2]

After consolidating the three actions, Judge Larimer found that the claims related to events that occurred at Wende C.F. were "subject to dismissal because plaintiff fail[ed] to allege sufficient facts to state a claim against any defendant," it "appear[ed] that plaintiff has already litigated or is litigating the [Wende C.F.] claims in the New York State Court of Claims," and the Wende C.F. claims were "barred on the basis that the three year statute of limitations." Western District Order at 3-4. Accordingly, all of the claims "related to events in 2004 or 2005 at Wende Correctional Facility" were "dismissed without prejudice" and plaintiff was advised that, "[s]hould he be able to allege facts that would state a claim that has not previously been litigated and that is within the statute of limitations[,]" he may file a new

---

[2] When actions involve common questions of law or fact, the Court may consolidate the actions and "issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a).

3

action in the **Western District of New York with respect to those claims**. Western District Order at 4.

Finally, Judge Larimer concluded that the remaining claims – namely, the allegations that plaintiff was denied due process at a disciplinary hearing or hearings held at Eastern C.F. in 2015 – occurred, if at all, in the Northern District of New York ("Northern District") and therefore those claims were transferred to the Northern District pursuant to 28 U.S.C. § 1406(a). Western District Order at 4. Judge Larimer left the "evaluation of the sufficiency of [the 2015 due process] claims to the Northern District of New York." Id.[3] However, as a result of a clerical error in the Western District, the complaints in Young II and Young III were not docketed in Young I – the lead case – as supplemental complaints as directed by the Western District Order.

In light of this, the Clerk of the Northern District is to obtain copies of the complaints in Young II and Young III. See Young II at Dkt. No. 2 and Young III at Dkt. No. 2. Once copies of these complaints are obtained, the Clerk shall file the complaint in Young II as the "First Supplemental Complaint" for this action and the complaint in Young III as the "Second Supplemental Complaint" for this action. Upon doing so, the Clerk shall return this file to the Court for further review.

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court is directed to obtain the documents set forth above, docket them in accordance with the Western District Order and this Decision and Order, and then return this file to the Court for review; and it is further

---

[3] The dismissed Western District claims were not transferred to the Northern District as part of this consolidated action. *Id*.

4

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: July 26, 2016
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge